IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, § <br> as Broadcast Licensee of the March 18, 2017 § <br> Gennady Golovkin v. Daniel Jacobs WBA Super § <br> World Middleweight Championship Fight Program, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> 1) 528 INV-JEV, LLC, individually, and d/b/a 1810 § <br> TAQUERIA & BORRACHERIA and d/b/a § <br> TAQUERIA Y BORRACHERIA 1810 and d/b/a § <br> 1810; § <br> 2) CARLOS J. MARQUEZ, individually, and d/b/a § <br> 1810 TAQUERIA & BORRACHERIA and d/b/a § <br> TAQUERIA Y BORRACHERIA 1810 and d/b/a § <br> 1810; § <br> 3) JAIME E. VELAZQUEZ, individually, and § <br> d/b/a 1810 TAQUERIA & BORRACHERIA and § <br> d/b/a TAQUERIA Y BORRACHERIA 1810 and § <br> d/b/a 1810; and § <br> 4) ALLAN DILLON a/k/a ALLAN DIJON, § <br> individually, and d/b/a 1810 TAQUERIA & § <br> BORRACHERIA and d/b/a TAQUERIA Y § <br> BORRACHERIA 1810 and d/b/a 1810, § <br> § <br> Defendants. § | Civil Action No. 3:20-cv-00095 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants (1) 528 Inv-Jev, LLC, individually, and d/b/a 1810 Taqueria & Borracheria and d/b/a Taqueria y Borracheria 1810 and d/b/a 1810 ("528 Inv-Jev"); (2) Carlos J. Marquez, individually, and d/b/a 1810 Taqueria & Borracheria and d/b/a Taqueria y Borracheria 1810 and d/b/a 1810 ("Marquez"); (3) Jaime E. Velazquez, individually, and d/b/a 1810 Taqueria & Borracheria and d/b/a Taqueria y Borracheria 1810 and d/b/a 1810 ("Velazquez"); and (4)

Allan Dillon a/k/a Allan Dijon, individually, and d/b/a 1810 Taqueria & Borracheria and d/b/a Taqueria y Borracheria 1810 and d/b/a 1810 (collectively "Defendants").

PARTIES

1. <u>Plaintiff</u>. G&G Closed Circuit Events, LLC, as Broadcast Licensee of the March 18, 2017 Gennady Golovkin v. Daniel Jacobs WBA Super Middleweight Championship Fight Program, is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2. <u>Defendant 528 Inv-Jev, LLC.</u> 528 Inv-Jev, LLC is a Texas limited liability company doing business as 1810 Taqueria & Borracheria (also known as Taqueria y Borracheria 1810 and 1810) and having its business mailing address as 1441 N. Zaragoza Road, Suite A3, El Paso, Texas 79936. On the date of the Event (as defined herein), Defendant 528 Inv-Jev:

    A. held the license/permit issued by the Texas Alcoholic Beverage Commission for the commercial establishment named Taqueria y Borracheria 1810 and located at 1441 N. Zaragoza, Suite A 3-4, El Paso, Texas 79936 ("Establishment");

    B. owned and/or operated the Establishment;

    C. had a right and ability to supervise the activities of the Establishment; and

    D. had an obvious and direct financial interest in the activities of the Establishment.

Defendant 528 Inv-Jev may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to its registered agent for service of process, Carlos J. Marquez, at 6837 La Cadena, El Paso, Texas 79912.

3. <u>Defendant Carlos J. Marquez.</u> Carlos J. Marquez is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Marquez:

    A. held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

      B.      was an owner and/or manager of the Establishment;

      C.      was an officer and/or owner of the entity that owned the property where the Establishment was located;

      D.      was an officer and/or owner of the entity owning the Establishment;

      E.      had a right and ability to supervise the activities of the Establishment; and

      F.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant Marquez may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Marquez at 6837 La Cadena, El Paso, Texas 79912.

    4.    <u>Defendant Jaime E. Velazquez.</u>  Jaime E. Velazquez is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Velazquez:

      A.      held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

      B.      was an owner and/or manager of the Establishment;

      C.      was an officer and/or owner of the entity that owned the property where the Establishment was located;

      D.      was an officer and/or owner of the entity owning the Establishment;

      E.      had a right and ability to supervise the activities of the Establishment; and

      F.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant Velazquez may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Velazquez at 3164 Sarina, El Paso, Texas 79938.

    5.    <u>Defendant Allan Dillon.</u>  Allan Dillon a/k/a Allan Dijon is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Dillon:

      A.      held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

  B. was an owner and/or manager of the Establishment;

  C. was an officer and/or owner of the entity that owned the property where the Establishment was located;

  D. was an officer and/or owner of the entity owning the Establishment;

  E. had a right and ability to supervise the activities of the Establishment; and

  F. had an obvious and direct financial interest in the activities of the Establishment.

Defendant Dillon may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Dillon at 1441 N. Zaragoza Road, Suite A3-4, El Paso, Texas 79936.

## STATEMENT OF JURISDICTION

6. This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

## VENUE

7. Venue is proper in this District because Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF THE CLAIM

8. <u>Authorization to License Event</u>.  Plaintiff is the license company that was exclusively authorized to sub-license the closed-circuit telecast of the March 18, 2017 Gennady Golovkin v. Daniel Jacobs WBA Super Middleweight Championship Fight Program, including all of the undercard or preliminary bouts (collectively the "Event"),[1] at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

---

[1] One of the bouts for the Event included the fight between Gennady Golovkin and Daniel Jacobs, which was the main event.

9. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

10. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

11. <u>Exhibition of the Event</u>.  The transmission of the Event originated via satellite and was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12. The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment. Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

13. The establishments that contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

14. On March 18, 2017, either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Event. In the alternative, Defendants assisted in the receipt of the interstate communication of the Event. Defendants then transmitted, divulged and published said

communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

15. Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

16. Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

17. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

18. Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

### VIOLATION OF 47 U.S.C. § 553 OR § 605

19. Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605, or Section 553.

### DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendants, jointly and severally, for:

(a) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d)      Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e)      Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f)      Pre and post-judgment interest at the highest rate permitted by law; and

(g)      Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: _____
David M. Diaz
State Bar No. 24012528
david@diazlawtx.com
Attorney-in-charge

LAW OFFICES OF DAVID DIAZ, PLLC
825 Watters Creek Blvd.
Building M, Suite 250
Allen, Texas 75013
(972) 996-4588 – Telephone

ATTORNEY FOR PLAINTIFF